JOHN H. WOLF vs. WILLIAM S. B. RUNNELS.

Kennebec.    Opinion April 27, 1897.

*License.    Itinerant Vendor.    Stat. 1893, c. 259 ; 1895, c. 97.*

An itinerant vendor, who has obtained the local town license required by
Chap. 259 Laws of 1893, as amended by Ch. 97 Laws of 1895, is authorized
to do business in such town "so long as such licensee shall in good faith con-
tinuously keep, offer and expose for sale the same kind or line of goods
specified in his application, except that such license and authority shall in any
event terminate and expire on the first day of April next following the date
of application."

But if he packs and removes his entire stock of goods from the town, and
closes his store, he abandons all rights under his local license, and if later,
during the same municipal year, he again desires to do business in the same
town, it is necessary for him to procure a new license in the manner required
by statute.

AGREED STATEMENT.

The case appears in the opinion.

*W. T. Haines*, for plaintiff.

*F. A. Waldron*, City Solicitor, *and F. W. Clair*, for defendant.

SITTING :   PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE,
WISWELL, STROUT, JJ.

WISWELL, J.    Chapter 259 Laws of 1893, as amended by
Chapter 97 Laws of 1895, requires of every itinerant vendor, who
desires to do business in this state, to first procure a state license
from the secretary of state, and when he intends to do business in
any particular town in the state, he shall file his state license and
an application for a local license with the collector of taxes for
such town.    The amount of the local license is a percentage upon
the full value of his stock of goods equal to the tax rate of the last
preceding taxation in the town, which amount is ascertained by
the town assessors.

Having filed his state license and applied for his local license,

and having obtained and paid for the same, an itinerant vendor is authorized to do business in such town "so long as such licensee shall in good faith continuously keep, offer and expose for sale the same kind or line of goods specified in his application, except that such license and authority shall in any event terminate and expire on the first day of April next following the date of application."

The plaintiff, an itinerant vendor who had obtained a state license, came to Waterville in the spring of 1895, after April first, with a stock of goods. He procured a store, obtained a local license in the manner provided by the statute, and commenced offering for sale and selling his goods. After about two weeks he closed his store, packed and removed from the store and from Waterville all of his goods and remained away for a period of about two weeks, when he came back to Waterville with the same stock, except so much as he had sold while away, and with other goods of a like kind which he had added to his stock, and again commenced selling them in the same store previously occupied by him.

The municipal officers demanded as a new license fee a percentage upon the full value of his stock of goods equal to the last preceding tax rate. The plaintiff resisted this claim on the ground that he had a right to continue to expose for sale and to sell his goods under the local license previously obtained. But being compelled to pay the new license fee, he did so under protest and brings this action to recover the same of the collector of taxes, who still held the amount paid by the plaintiff at the commencement of the suit.

We think that the plaintiff's position is untenable, and that the action cannot be maintained. The local license first obtained continued in force so long as he in good faith "continuously" kept, offered and exposed for sale the same kind or line of goods specified in his application, but not longer than the first day of April following. When the plaintiff closed his store and packed and removed his entire stock of goods from the city, he abandoned all rights under his local license, and when later, during the same municipal year, he again desired to do business in the same place it

was necessary for him to again procure a new license in the manner required by statute.

In accordance with the stipulation of the report the entry will be,

*Plaintiff nonsuit.*